**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID NOEL SMITH, | No. 08-36059 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-05125- RBL |
| v. | |
| JAQUELYN AUFDERHEIDE; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

| | |
|---|---|
| DAVID NOEL SMITH, | No. 09-35008 |
| Plaintiff - Appellee, | D.C. No. 3:07-cv-05125- RBL |
| v. | |
| JAQUELYN AUFDERHEIDE, | |
| Defendant, | |
| and | |
| RANDY CASTEEL; et al., | |
| Defendants - Appellants. | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted March 9, 2010[**]
Seattle, Washington

Before:     TASHIMA, FISHER, and BERZON, Circuit Judges.

Plaintiff David Smith appeals from a judgment entered on a jury verdict in favor of Defendants, Smith's former supervisors Randy Casteel and John Brand, and his former employer, Kitsap County, Washington.  Smith claimed that Defendants violated 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*, and that they committed state law torts against him.  We have jurisdiction over Smith's appeal from the final judgment pursuant to 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

Smith asserts that he was fired from his position at the Public Works Department of Kitsap County for engaging in speech complaining of illegal employment practices within the department, which is protected by the First Amendment.  Defendants contend that Smith was terminated for serious misconduct unrelated to his speech.  Over several years, Smith had made hundreds

---

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

of hours of secret recordings of conversations he had with co-workers and members of the public. Defendants assert that Smith was fired because the recordings violated County policy and the Washington Privacy Act, Wash. Rev. Code § 9.73.030(1)(b). They also assert that Smith committed an act of insubordination that was an independent ground for termination when he deleted files from his County computer after he had been directed not to do so by his supervisor during an investigation into his recordings.

The district court held an eight-day jury trial on the claims that had survived Defendants' motions for dismissal and summary judgment. The jury returned a verdict in favor of Defendants on all liability questions. Smith timely appealed.

## DISCUSSION

We review a district court's decisions to admit or exclude evidence for abuse of discretion. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). We will reverse only if the trial court abused its discretion and the error was prejudicial, meaning it "more probably than not . . . tainted the verdict." *Harper v. City of L.A.*, 533 F.3d 1010, 1030 (9th Cir. 2008).

1. The district court did not abuse its discretion in ruling that Smith could not testify about his subjective belief that the recordings he made were legal. Such testimony would not be relevant and is therefore inadmissible. *See* Fed. R.

Evid. 401, 402 (evidence is relevant if it has "any tendency to make the existence of a fact that is of consequence to the determination more probable or less probable than it would be without the evidence"). The real issue in this case was what motivated Brand and Casteel to terminate Smith. In order to prevail on his claims, Smith needed to convince the jury that his protected speech substantially motivated Brand and Casteel to fire him. Smith's subjective belief as to whether his actions were legal would not make it more or less probable that his recordings, as opposed to his protected activities, were the reason that Brand and Casteel fired him.

2.    The district court also did not abuse its discretion by excluding evidence concerning the truth of the discriminatory acts of which Smith complained. To prevail on his claim of retaliation in violation of Title VII, Smith had to prove that he "engaged in . . . an activity protected under federal law . . . regarding a good faith charge against an employer under Title VII." To establish his unlawful retaliation state law claim, he had to prove that he was fired for "opposing what [he] reasonably believed to be discrimination . . . or for providing information to or participating in a proceeding to determine whether discrimination or retaliation occurred." Whether defendants are liable for discrimination or retaliation against anyone beside Smith was not relevant to proving these elements, and evidence going to the merits of that question was properly excluded. The

4

district court thus reasonably limited the evidence to Smith's activities opposing alleged discrimination likely known by the decision makers, which included evidence going to whether Smith's belief that the discrimination in question had occurred was reasonable.

**3.** The district court did not abuse its discretion by allowing defendants to introduce excerpts of Smith's secret recordings over Smith's objection that they were not properly authenticated, were not relevant, and were more prejudicial than probative. *See* Fed. R. Evid. 901, 401, & 403.

First, Smith's authentication argument is meritless. The record indicates that the recordings were authenticated.[1]

Second, the tapes were highly relevant to the central issue in the case, Casteel's state of mind when he fired Smith. Casteel reviewed all of the recordings, and their content was relevant to his decision that Smith's conduct warranted termination. The tapes were also relevant to impeach Smith's statements and his credibility.

As to the third issue, we recognize that the recordings were potentially prejudicial to Smith. However, "a district court virtually always is in the better

---

[1] Smith's arguments about the admissibility of transcripts of taped excerpts are beside the point because the transcripts were not admitted into evidence.

position to assess the admissibility of the evidence in the context of the particular case before it," particularly with respect to balancing probativeness against potential prejudice under Rule 403. *See Sprint/United Mgmt.*, 552 U.S. at 387. Here, the recordings were highly probative, and it was well within the district court's discretion to admit them.

4.      Smith's argument that Brand, Casteel, and Aufderheide should not have been granted qualified immunity is nonsensical in light of the fact that they were not granted any sort of immunity.

5,      Finally, because we uphold the jury verdict in Smith's appeal, we need not reach any of the issues raised by Defendants in their protective cross-appeal.

The judgment of the district court is **AFFIRMED.**